AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern | |
|---|---|---|
| Name (under which you were convicted):<br>Bradley Chance Cadenhead | | Docket or Case No.:<br>4:25-cv-184 |
| Place of Confinement :<br>Estelle Unit, TDCJ | | Prisoner No.:<br>02449471 |
| Petitioner (include the name under which you were convicted)<br><br>Bradley Chance Cadenhead         v. | Respondent (authorized person having custody of petitioner)<br><br>Eric ~~Guerron~~ Director TDCJ-ID<br>Guerrero | |
| The Attorney General of the State of: Texas | | |

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

   266th Judicial District Court of Erath County, Texas

   (b) Criminal docket or case number (if you know):    22CRDC-00016

2.    (a) Date of the judgment of conviction (if you know): 5/16/2023

   (b) Date of sentencing:     5/16/2023

3.    Length of sentence:   cts 1-3: 20 yrs (stacked); cts 4-8: 20 yrs (~~consecutive~~) *concurrent*; ct 9: 10 yrs probation

4.    In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case: nine counrts of possession with intent to promote visual material that depicted a child younger than 18 years of age engageing in sexual conduct

6.    (a) What was your plea? (Check one)

           ☐ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

           ☑ (2)   Guilty             ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☐ Jury     ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

     ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    11th Court of Appeals

(b) Docket or case number (if you know):    11-23-00119-CR

(c) Result:    appeal dismissed following motion for voluntary dismissal of appeal

(d) Date of result (if you know):    11/2/2023

(e) Citation to the case (if you know):    N/A

(f) Grounds raised:   appeal voluntariliy dismissed in order to pursue habeas corpus relief

(g) Did you seek further review by a higher state court?    ☐ Yes   ☑ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

AO 241 (Rev. 09/17)

      (4) Date of result (if you know): _____

      (5) Citation to the case (if you know): _____

      (6) Grounds raised:

      _____

      _____

      _____

   (h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

      If yes, answer the following:

      (1) Docket or case number (if you know): _____

      (2) Result: _____

      (3) Date of result (if you know): _____

      (4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

    concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)    (1) Name of court:  Court of Criminal Appeals (originally filed in 266th Disrict Court in Erath County)

         (2) Docket or case number (if you know):  WR-96,297-01 in Court of Criminal Appeals; #22-CRDC-00016 in the trial court

         (3) Date of filing (if you know):  11/7/2024

         (4) Nature of the proceeding:  application for writ of habeas corpus

         (5) Grounds raised:  Trial Counsel rendered ineffective assistance by failing to investigate and/or

           retain expert assistance in the field of forensic psychology for the purposes of mitigation at

           sentencing.

         _____

         _____

         _____

         _____

         _____

         (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

         ☐ Yes   ☑ No

         (7) Result:  Denied

AO 241 (Rev. 09/17)

    (8) Date of result (if you know):    2/5/25

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ✓ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioner's trial counsel rendered ineffective assistance when he advised Petitioner to plead guilty to nine counts of possession of child pornography without investigating expert assistance in forensic psychology for mitigation purposes at sentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel failed to investigate retaining a forensic psychologist to evaluate Petitioner and offer expert testimony at the setnencing hearing. For the state writ

application, Dr. Marisa Mauro, an experienced forensic psychologist, evaluated Petitioner and reviewed the case. Her report demonstrates that

Petitioner would have had a compelling argumnet regarding his rehabilitative prospects and low probability of recidivism, which

would have influenced the trial court's ultimate punishment decision. Dr. Mauro concluded that because Petitioner did not have a formal risk assessment,

there was no mitigating information provided to the trial court regarding Petitioner's low risk for future violence and sexual recidivism.

Thus, the trial court was left with the misperceptpion that Petitioner was unredeemable.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:  the issue was not preserved in the trial court;

the issue is ineffective assistance of counsel, which requires an evidentiary proceeding, such as habeas corpus;

appeal was voluntarily dismissed due to no appealable issues

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    application for writ of habeas corpus

Name and location of the court where the motion or petition was filed:  Court of Criminal Appeals of Texas

(originally filed in 266th District Court of Erath County, Texas)

Docket or case number (if you know):  WR-96,297-01

Date of the court's decision:    2/5/2025

Result (attach a copy of the court's opinion or order, if available):    Denied


(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

writ was denied by highest state court

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:  N/A

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                          ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?                    ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏   Yes     ❏   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏   Yes     ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ❏   Yes     ❏   No

(4) Did you appeal from the denial of your motion or petition?     ❏   Yes     ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏   Yes     ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐  Yes        ☐  No

(4) Did you appeal from the denial of your motion or petition?               ☐  Yes        ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes        ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No _____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Lukas Lawrence, 3016 E. US highway 377, Granbury, Texas 76049

(b) At arraignment and plea:  Lukas Lawrence

(c) At trial:    Lukas Lawrence

(d) At sentencing:  Lukas Lawrence

(e) On appeal:    Christopher M. Perri, 1304 Nueces St., Austin, Texas, 78701

(f) In any post-conviction proceeding:    Christopher M. Perri

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The statute of limitations began running on December 4, 2023, when a PDR was no filed after the 11th Court of Appeals' judgment on November 2, 2023. When Petitioner filed his state writ application on November 7, 2024, there were 26 days left on the statute of limitations. The clock resumed on February 5, 2025, when he state writ was denied. Petitioner had 26 days left, making this Petition due on or before March 3, 2025.

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

     (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  Reverse the judgment of conviction and remand

case to trial court for a new sentencing hearing.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   2 - 26 - 2025 (date).

BRENAE WARD
My Notary ID # 135131275
Expires October 15, 2028

Brenae Ward
Notary Public

_____
Signature of Petitioner

"Chris Perri for Bradley Cadenhead

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Due to the lack of time before the statute of limitations expires, Petitioner's counsel of record is signing on

Petitioner's behalf. There was no sufficient time to mail the Petition to the prison and then receive

the signature page back before the expiration of the statute of limitations. See 28 USC 2242;

see also Rule 2(c)(5) of Rules Governing Section 2254 & 2255 Cases

Print        Save As...                                    Reset

ATTACHMENT

*Denial of State Habeas Corpus Writ Application by the Texas Court of Criminal Appeals on 2/5/25*

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS **FILE COPY**
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**2/5/2025**
**CADENHEAD, BRADLEY CHANCE   Tr. Ct. No. 22CRDC-00016  WR-96,297-01**
This is to advise that the Court has denied without written order the application for writ of habeas corpus on the findings of the trial court and on the Court's independent review of the record.

Deana Williamson, Clerk

DISTRICT CLERK  ERATH COUNTY
COUNTY COURTHOUSE
STEPHENVILLE, TX  76401
* DELIVERED VIA E-MAIL *