UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BRADLEY CHANCE CADENHEAD,**

 Petitioner,

v.               No. 4:25-cv-0184-P

**ERIC GUERRERO, DIRECTOR,
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-CORRECTIONAL
INSTITUTIONS DIVISION,**

 Respondent.

## OPINION AND ORDER

Before the Court is the petition of Bradley Chance Cadenhead under 28 U.S.C. § 2254 for writ of habeas corpus. Having considered the petition, the response, the record, and applicable authorities, the Court concludes that the petition must be **DENIED**.

### BACKGROUND

Petitioner is serving terms of imprisonment of twenty years each on counts one, two, and three to run consecutively, and four through eight to run concurrently after service of the sentences on the first three counts, and ten years probated on count nine to run consecutively after his release on the other counts for possession with intent to promote child pornography under case No. 22CRDC-00016 in the 266th District Court, Erath County, Texas. ECF No. 18-21 at 7–10. On November 2, 2023, he voluntarily dismissed his appeal. *Cadenhead v. State*, No. 11-23-00119-CR, 2023 WL 7198519 (Tex. App.—Eastland Nov. 2, 2023).

On November 7, 2024, Petitioner filed his state habeas application. ECF No. 18-21 at 48. On February 5, 2025, the Court of Criminal Appeals of Texas ("CCA") denied the application on the findings of the trial court and on its own independent review. ECF No. 18-23.

On February 26, 2025, Petitioner filed his federal petition, ECF No. 1, and supporting memorandum, ECF No. 2.

## GROUND OF THE PETITION

Petitioner urges one ground in support of his petition, alleging that he received ineffective assistance of counsel because his attorney advised him to plead guilty and then conducted the sentencing hearing without investigating expert assistance in forensic psychology for mitigation purposes at sentencing. ECF No. 1 at 5; ECF No. 2 at 11.

## APPLICABLE LEGAL STANDARDS

### A.  Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*,

2

356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "*so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Woods v. Etherton*, 578 U.S. 113, 117 (2016); *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether

3

the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "Unreasonable" is a substantially higher threshold than "incorrect." *Wooten v. Thaler*, 598 F.3d 215, 222 (5th Cir. 2010).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

The petition in this case is essentially a rehash of the state habeas application. The CCA denied relief based on the trial court's conclusion that the application was without legal or factual merit and on its own independent review. ECF No. 18-23. For all of the reasons set forth in the answer, ECF No. 19, which the Court need not discuss here, Petitioner has not overcome the doubly deferential standard of review applicable. In sum, Petitioner and his attorney discussed bringing experts to testify on his behalf and decided to use his current counselor, who could and did testify as an expert that based on her experience with Petitioner, he was not a danger to himself or others. ECF No. 18-21 at 120, 122–33. Petitioner chose not to testify on his own behalf. *Id.* at 120. Counsel may well have determined that retaining a forensic psychologist would not have been to Petitioner's benefit based on the psychological examination that had already been performed. *See* ECF No. 22 at 177–86. Petitioner has not shown, and can only speculate, that every fairminded jurist would agree that every reasonable lawyer would have made a different decision and retained a forensic psychologist. *See Dunn v. Reeves*, 594 U.S. 731, 739–40 (2021). Moreover, he has not shown that he was prejudiced as a result of the failure to present such an expert.

## CONCLUSION

For the reasons discussed herein, all relief sought by Petitioner is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **17th day** of **February 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE